■ WENDY E. SMITH, an Infant by Her Parent and Natural Guardian, DAVID R. SMITH, et al., Appellants, v ALBERT ADLER et al., Respondents. — In an action to recover damages for personal injuries, etc., based on theories of medical malpractice and products liability in the manufacture of a drug, the plaintiffs appeal from an order of the Supreme Court, Suffolk County, dated October 25, 1979, which denied their motion to amend the *ad damnum* clause of the complaint. Order reversed, with $50 costs and disbursements, and motion granted. The complaint, served in 1972, demanded damages in the sum of $500,000 on behalf of the infant plaintiff. The infant plaintiff was then six years old. The personal injuries claimed to have been sustained and forming the basis of the action are alleged to have occurred in 1968 from the administration of Diodoquin, causing bilateral optic atrophy and lowering visual acuity to 20/400. In 1975 the plaintiffs' present attorneys were substituted in place of the plaintiffs' original counsel. This motion to increase the *ad damnum* clause from $500,000 to $2,500,000 was made in 1979. The change of circumstances asserted is that the infant plaintiff has proven herself to be an exceptionally gifted child, testing at the 99 percentile level in achievement tests, and having received prizes in national and bicounty competition. This intellectual capacity could not have been established, it is said, at the time that the complaint

was prepared. The defendants contend that the motion was properly denied by Special Term because of the delay in making the motion. No other prejudice is claimed by the defendants. Under the peculiar circumstances present in this case, the motion should have been granted. Not until it was discovered that the infant plaintiff possessed unusual intellectual attainments was there presented new facts which would justify the motion to increase the *ad damnum* clause. These facts in our view support the motion to increase the damages sought. Hopkins, J.P., Damiani, Lazer and Mangano, JJ., concur.